IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

Maurice West,
Yanira Burgos,
Jill Nicholson,
Tracey Winfield,
Wesley Hayes,
Shelron White

   Plaintiffs

                    Civil Action No.

v.

Credit One Bank, NA and          Complaint

                        and;

Experian Information Solutions, Inc.     Demand for Jury Trial

   Defendants

## COMPLAINT

NOW COME Plaintiffs, Maurice West, Yanira Burgos, Jill Nicholson, Tracey Winfield, Wesley Hayes, and Shelron White, (hereafter the "Plaintiffs") by and through undersigned Counsel, whom through their complaint against the Defendants allege the following:

1

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and Attorneys' fees brought pursuant to 15 U.S.C. §1681, et seq. (Federal Fair Credit Reporting Act)

## JURISIDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because the Defendants in this matter resides in the state of Texas as defined under 28 U.S.C. §1391.

## PARTIES

4. Plaintiffs are natural persons and citizens of the United States of America. Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

5. Defendant Experian Information Solutions, Inc., (hereafter EXPERIAN) is a foreign For-Profit Corporation registered to do business and doing business in Texas. Defendant is a "consumer reporting agency", as defined by 15 U.S.C §1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties. Defendant is currently doing business in Texas.

6. Defendant, Credit One Bank, NA (hereinafter Credit One Bank), defendant is a data furnisher that reports consumer tradelines to Experian. Defendant is a "Furnisher" if information as defined by 15 U.S.C § 1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer agencies about consumer transactions. They are in the business of credit services to consumers in Texas, as well as, many others throughout the United States.

## **FACTUAL ALLEGATIONS**

7.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

8.     Credit One Bank attempted to collect an alleged debt from Plaintiffs identified by:

   a)   Maurice West account #3853;

   b)   Yanira Burgos account #1926;

   c)   Jill Nicholson account #0316;

   d)   Tracey Winfield account #2389;

   e)   Wesley Hayes account #5698;

   f)   Shelron White account #3472.

9.     Experian is a consumer reporting agency. Experian assembles, evaluates, and disburses information concerning consumers for the purpose of furnishing consumer reports. In addition, when Experian maintains credit information to be reported/published, the information is used in determining credit scores.

10.    Credit One Bank instructed Experian to maintain, publish and report Plaintiffs' alleged debt, identified by:

   a)   Maurice West account #3853;

   b)   Yanira Burgos account #1926;

   c)   Jill Nicholson account #0316;

   d)   Tracey Winfield account #2389;

   e)   Wesley Hayes account #5698;

   f)   Shelron White account #3472.

11. Plaintiffs disputed their Credit One Bank accounts directly with Experian with a detailed dispute letters dated:

  a) Maurice West on 01/03/2017;

  b) Yanira Burgos on 11/16/2017;

  c) Jill Nicholson on 08/02/2018;

  d) Tracey Winfield on 07/05/2018;

  e) Wesley Hayes on 07/06/2018;

  f) Shelron White on 05/23/2018;

as required by the FRCA. After Experian received Plaintiffs' dispute, they communicated the dispute with Credit One Bank. When Credit One Bank communicated the results of their "investigation" to Experian, they re-aged the account by manipulating "account history", and Experian allowed Credit One Bank to manipulate the account history.

12. After Experian, and Credit One Bank's "investigation" of Plaintiffs' dispute, Plaintiffs discovered that the Credit One Bank's "Date of Status" dates were re-aged.

13. Plaintiff, Maurice West's Credit One Bank "Date of Status" date was re-aged from "08/2014" to "03/2018".

14. Plaintiff, Yanira Burgos's Credit One Bank "Date of Status" date was re-aged from "06/2017" to "02/2018".

15. Plaintiff, Jill Nicholson's Credit One Bank "Date of Status" date was re-aged from "04/2018" to "01/2019."

16. Plaintiff, Tracey Winfield's Credit One Bank "Date of Status" date was re-aged from "05/2017" to "07/2018".

17. Plaintiff, Wesley Hayes's Credit One Bank "Date of Status" date was re-aged from "01/2018" to "07/2018".

18. Plaintiff, Shelron White's Credit One Bank "Date of Status" date was re-aged from "04/2018" to "06/2018."

19. By manipulating the account history, Credit One Bank is causing "Date of Status" dates to re-age to a fresh and new date, causing damage. The more recent the delinquency, the more it negatively effects credit ratings and scores. FICO credit scores are used in 90% of all credit decisions. As per FICO, the more recent the delinquency, the more it damages credit scores. Experian even uses FICO model 8.

20. Credit One Bank re-aged their accounts when they conducted an "investigation" into a consumer dispute, and Experian allows them to re-age the accounts. Credit One Bank and EXPERIAN penalized Plaintiffs for exercising a statutory right to dispute inaccurate information.

21. EXPERIAN did not provide a good faith investigation into Plaintiffs' dispute.

22. Experian did not follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit data.

23. Credit One Bank did not provide a good faith investigation into Plaintiffs' dispute.

24. EXPERIAN is allowing Credit One Bank to manipulate history, causing Experian's "Date of Status" date to be re-aged. The information that Experian is allowing is both inaccurate and misleading.

25. Credit One Bank is providing credit information that they know or should know is inaccurate and misleading.

26. Credit One Bank manipulated their account history, and EXPERIAN allowed Credit One Bank to manipulate their account history, to improperly re-age Plaintiffs' accounts.

27. The Date of Status date should be the day the debt was deemed uncollectable. Credit One Bank manipulated their history, and EXPERIAN allowed Credit One Bank to manipulate their account history in a way that would re-age the "Date of Status" date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

28. Re-aging accounts by changing the Date of Status dates is misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

29. EXPERIAN should have discovered the misleading information if they would have provided a good faith reasonable investigation. It has already been determined that Experian does not conduct reasonable investigations into the re-aging of the "Date of Status" dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.'" *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

30. These accounts are not only inaccurate but also misleading, which the Fifth Circuit has addressed. The Fifth Circuit ruled that even a technical accuracy can be so misleading to the point that it is no longer accurate, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988), a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely affect credit decisions."

31. The reporting of this credit information on Plaintiffs' credit reports negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' credit worthiness. This information was furnished by Credit One Bank and reported by EXPERIAN, misrepresenting the account history and/or status of Plaintiffs' accounts, and is currently being reported and is reflected on Plaintiffs' credit reports, resulting in lowering Plaintiffs' credit score and furthering Plaintiffs' damages.

32. Plaintiffs' credit reports and file have been obtained and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by Credit One Bank and reported by EXPERIAN and is continuing to damage the Plaintiff's credit rating.

33. As a result of conduct of EXPERIAN and Credit One Bank, Plaintiffs have suffered great physical, emotional and mental pain and anguish, all to Plaintiffs' great detriment and loss.

34. As a result of the conduct of Experian, and Credit One Bank, Plaintiffs have suffered actual damages all to Plaintiffs' great detriment and loss.

35. At all times pertinent hereto, Experian, and Credit One Bank were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

36. At all times pertinent hereto, the conduct of Experian, and Credit One Bank, as well as, that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiffs herein.

## CAUSES OF ACTION

37. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

38. All causes of action were causes of the damages which Plaintiffs have suffered.

### Count I: Fair Credit Reporting Act

39. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

40. This suit is brought against the Defendants as the damages made the basis of this suit were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
>
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and

    (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *Experian's FCRA violations*

41. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

42. EXPERIAN violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiffs' notice of dispute.

43. Plaintiffs disputed information regarding the re-aging of the Credit One Bank accounts. However, EXPERIAN did not provide a reasonable investigation into the disputed accounts as required by the Fair Credit Reporting Act.

44. The Plaintiffs obtained a new credit report/disclosure on:

  a) Maurice West on 03/17/2018;

  b) Yanira Burgos on 03/17/2018;

  c) Jill Nicholson on 01/25/2019;

  d) Tracey Winfield on 09/13/2018;

  e) Wesley Hayes on 09/13/2018;

  f) Shelron White on 07/23/2018;

displaying the results of their dispute of the Credit One Bank accounts.

45. Plaintiffs discovered that the "Date of Status" dates were re-aged. The changes for the Plaintiffs were as follows:

  a) Maurice West dispute results showed their Date of Status dates changed from 08/2014 to 03/2018;

9

  b) Yanira Burgos dispute results showed their Date of Status dates changed from 06/2017 to 02/2018;

  c) Jill Nicholson dispute results showed their Date of Status dates changed from 04/2018 to 01/2019;

  d) Tracey Winfield dispute results showed their Date of Status dates changed from 05/2017 to 07/2018;

  e) Wesley Hayes dispute results showed their Date of Status dates changed from 01/2018 to 07/2018;

  f) Shelron White dispute results showed their Date of Status dates changed from 04/2018 to 06/2018.

46. Experian allowed Credit One Bank to re-age the accounts, just because Plaintiffs exercised a statutory right to dispute the accuracy of the accounts.

47. Credit One Bank and Experian are allowing Credit One Bank to re-age Plaintiffs' accounts by manipulating the account history. The account history is used to determine the age of an account. Because the account history starts all over, it converts the older delinquencies into much newer and more recent delinquencies.

48. If EXPERIAN would have conducted a reasonable and good faith investigation, they should have determined that Credit One Bank was erasing their account history, causing Experian's "Date of Status" date, to be re-aged to a newer date.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(A) reads:

a) Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

49. Experian violated 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Experian would have followed reasonable procedures to assure maximum accuracy, Experian would not have allowed Credit One Bank to re-age their accounts.

50. Credit One Bank is, and Experian is allowing Credit One Bank to re-age Plaintiffs' accounts by erasing the account history. Since the account history starts all over, it converts the older delinquency into a much newer and more recent delinquency.

51. EXPERIAN is allowing Credit One Bank to erase their account history, causing Experian's "Date of Status" date, to be re-aged to a newer date.

Section 15 U.S.C. §1681e(b) reads:

(b) Accuracy of the Report

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom The report relates

## ***CREDIT ONE BANK'S FCRA violations***

52. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

53. Credit One Bank violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiffs' notice of dispute and failing to delete or correct the inaccurate information. After receiving a dispute notice from EXPERIAN, Credit One Bank did not give a good faith and reasonable investigation into the inaccurate information that was disputed by Plaintiffs. Credit One Bank should have discovered that the information they are providing Experian was inaccurate. Credit One Bank is re-aging Plaintiffs' accounts, converting older delinquencies to new delinquencies, all by erasing the account history. For Credit One Bank to be liable under 15 U.S.C. §1681, Plaintiff must dispute the account with EXPERIAN, EXPERIAN then contacts Credit One Bank regarding the dispute, which they did, and Credit One Bank is required to conduct a good faith and reasonable "investigation" and provide EXPERIAN with corrected credit data or delete the trade line. The credit data that Credit One Bank is providing EXPERIAN is false, misleading and inaccurate and if Credit One Bank would have conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

> (1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
> (A) conduct an investigation with respect to the disputed information:
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
> (i) modify that item of information
> (ii) delete that item of information
> (iii) permanently block the reporting of that item of information

54. Credit One Bank is manipulating their account history causing Experian's Date of Status" dates to re-age to a more recent and newer date, causing damage. The more recent the delinquency, the more it negatively effects credit ratings and scores.

55. By re-aging and manipulating of the account history older delinquencies to report and reflect more current and newer delinquencies, Credit One Bank and Experian artificially lowered Plaintiffs' credit scores more than if the accounts were being reported accurately. In addition, Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. The re-aging of the accounts makes the older accounts look new again and thus at a higher risk for default.

56. The conduct of Experian, and Credit One Bank were a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined above and, as a result, Defendants are liable to compensate Plaintiffs for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

57. As a result of Experian, and Credit One Bank's conduct, Plaintiffs have suffered emotional and mental pain and anguish, and all to Plaintiffs great detriment and loss.

58. As a result of Experian, and Credit One Bank's conduct, Plaintiffs have suffered actual damages are all to Plaintiffs great detriment and loss.

59. At all times pertinent hereto, Experian, and Credit One Bank were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

60. At all times pertinent hereto, the conduct of Experian, and Credit One Bank, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

## DEMAND FOR JURY TRIAL

61. Plaintiffs demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendants EXPERIAN, and Credit One Bank, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1681

(b) Statutory damages pursuant to 15 U.S.C. §1681

(c) Punitive damages pursuant to 15 U.S.C. §1681

   (d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

 (e)Such other and further relief as may be necessary, just and proper.

Dated:  March 17, 2020

 Respectfully submitted,

  /s/Jonathan Raburn
  Jonathan Raburn
  ATTORNEY FOR PLAINTIFF
  Louisiana Bar Roll No. 28728
  McCarty & Raburn, A Consumer Law Firm, PLLC
  2931 Ridge Rd, Suite 101 #504
  Rockwall, TX 75032
  jonathan@geauxlaw.com
  Telephone: 225-412-2777

  /s/ Dennis McCarty
  Dennis McCarty
  ATTORNEY FOR PLAINTIFF
  Mississippi Bar No. 102733
  Supreme Court of the United States Bar No. 302174
  Federal Bar No. 993800
  McCarty & Raburn, A Consumer Law Firm, PLLC
  2931 Ridge Rd, Suite 101 #504
  Rockwall, TX 75032
  dennismccartylaw@gmail.com
  Telephone: 817-704-3375